Turley J.
delivered the opinion of the court.
This is an action for a malicious prosecution, in which the plaintiff below recovered a judgment for the sum of five *85 hundred and fifty dollars; which judgment is sought to bé reversed, because the verdict of the jury is contrary to the evidence, and because the law was erroneously expounded by the court.
Whatever may be the hardship of this case, on the part of the plaintiff in error, it is impossible for us to relieve him, upon the facts as stated in the bill of exceptions. We can-not say that the verdict is not warranted by the evidence. The jury were the proper judges of the credibility of the witnesses, and of the weight of the testimony, and this is not a case in which all the proof is on one side, and we have repeatedly said, that we will not reverse if there be any proof, by which the verdict can be sustained.
The question then is, was the charge of the court correct? It is assailed on two grounds, 1 — because the court said to* the jury,- “It was alledged, on the one side, that a felony had been committed, and on the other, that the whole matter' was a false conspiracy, supported by perjury, the court would' leave it to the jury, on the whole evidence, to determine ho# the truth was: if, as alledged, on behalf of the defendant, a felony had been committed, plaintiff could not recover: if, on the other hand, it were all false, the plaintiff should recover; and the jury were the sole judges of what damages should be given.” We are not able to perceive any error in this part of the charge. The court states to the jury the point in controversy arising out of the testimony, viz,, that the defendant contends that the plaintiff is guilty of the felony charged, and the plaintiff, that she is innocent, and that the' charge is got up by a conspiracy by the defendant and others,- and is supported by perjury. Whether this be so or not, the court very properly says, is a question for the determination of the jury, depending upon the facts proven, and the fair deductions to be drawn from them; and the proposition is most unquestionably true, that if the plaintiff were guilty of the,felony charged, she had no cause of action, but that if the-charge, originated in- a conspiracy * and was supported by pegury, she was entitled to a verdict,- and to such damages as. the jury,, in their discretion, might think proper to allow. If it resulted as a necessary consequence, from this'~part- of *86 the charge, that the plaintiff, unless she Ivere guilty of tbé felony, was, in the opinion of the court, entitled to a verdict, it would be erroneous. But no such consequence follows, because the court expressly says, in that part of the charge immediately preceding, “that a party might have probable cause to institute a prosecution for felony'against an innocent person, and, in that case, no action could be main-1 tained;
2. It is said, that the charge is erroneous, because the! court said to the jury, “If defendant agreed or consented that the negro should let the plaintiff have the bacon, if would not have been, under the circumstances, a felony in plaintiff to have taken or received it, but. that it would bed matter proper to be taken into consideration in mitigation of damages.”
The truth of this proposition is equally as evident as that of the first. No larceny can be committed of property, the' possession of which the owner parts from voluntarily. AH the authorities are express upon the point, that to constitute the crime of larceny, possession of the property must be taken by the thief invito domino.
The charge does not contradict the principles of the cases íéferred to by the counsel for the plaintiff in error. They, hone of them, go further than to say, that a man may direct á servant to appear to encourage the design of the thieves, and lead them on till the offence is complete, so long as he did not induce the original intent, but only provided for its discovery after it was formed; that a servant, by the desire of his master, may show thieves, breaking into the house for plunder, where the plate is kept, and if they remove it, they are guilty' of larceny; and that if a man is suspected of an intent to steal, and another, to try him, leaves property in his wayj which he takes, he is guilty of larceny. In all these cases, the possession of the property remains with the owner, and a trespass is committed in the taking by the thief. But such wohld not be the case, if the master had directed the'servant. to deliver the property to the thief, instead of direcfing bim to furnish facilities for his arriving at the place where it was kept.
Note. — In the Civil Law, when an act is said to be done .per injuriareis injuriously, it is equivalent to wifully, maliciously, and unlawfully, these being the ingredients of injuria. There the actio injuriarum embraced most, if not all, of our actions of trespass and trespass on the case. It was of course the remedy for that particular class of injuries, which are redressed with us, by the action on the case for malicious prosecution. These injuries are assigned, in that system as in ours, to the class of wrongs to the character of the party aggrieved. Because, as some degree of infamy is ascribed to the temper of mind which leads its prossessor to neglect, or refuse to perform, or to violate, his civil duties and obligations, unless legally compelled thereto, so to impute it to a man by suing him maliciously and without probable cause, is treated, in both systems, aa a species of defamation.
By the Civil Law, this action lay, in general, for wilfully, maliciously, and unlawfully suing a man in any tribunal merely for vexation; and also in the following particular cases, namely, for putting seak, without a judicial order, on an absent debtor’s house with intent to injure him; for -refusing to receive sufficient or justified bail toan action; ibr suing sureties with intent to injure the principal, knowing him tobe prepared to pay, &c.; for suing as his debtor, one known to the plaintiff not be his debtor; for advertising a thing for sale in the character of a pledge received from a party from whom it had not been so received, for the purpose of injuring his credit or character, &c.
In all these cases, three things must have concurred to make the act done an actionable injury. It must have been done, 1. volúntate injurias, 2. in despee-turn persona, 3. non jure; that is, wilfully, maliciously and unlawfully, or without probable cause. As to the necessity of the ingredient of malice in this species of action, there is a class of cases in the English books well adapted for illustration. They.were actions for omitting to countermand process already issued, after the debtor had settled the demand. Scheibel vs. Fairbain, 1 Bos. & Pul. 388, is the leading case, and it was followed by Gibson vs. Chaters, 2 Bos. & Pul. 129, and Page vs. Wiple, 3 East, 314, in all of which it was held that malice was indispensable to the sustaining of the action. Cooper’s Justinian, 629; Vail vs. Lewis, 4 John R. 450; Pothier’s Pandects, Book 47, Title 10; Justinian’s Institutes, Book 4, Tit. 4, § 1.
But besides being done maliciously, the act must also have been done, non jure, — unlawfully—without probable cause. Whatis probable cause? Circumstances and facts sufficiently strong to excite in a reasonable mind suspicion that the person charged was guilty, per Judge Washington in Munus vs. Dupont, 2 Brown’s R. App. 65, cited 3 Dev. R. 455; adequate and reasonable ground for setting on foot the inquiry, 1 Chitty’s Genl. Pr. 49; good cause to think the party guilty, per Judge White, Cooke’s R. 103.
The onus of proving want of probable cause lies on the acquitted defendant, 1 Chitty’s Genl. Pr. 50, note (f) and authorities cited. Whether thejudge ought to leave it to the jury whether there was probable cause, see Chitty in the place cited, 2 Barn. & Adol. 845, 857, 22 Eng. Com. L. R. 195, Kelton vs. Bevins, Cooke’s Rep. 90, 107; 2 Yer. 329, Williams vs. Norwood, in which case at page 334, it is stated by Judge Whyte, from Campbell’s R., “that where the facts to show probable cause are ascertained, whether they amount to a defence op not, is tobe decided by the jüdgei”
There is then, in our opinion, no error in this case, and we affirm the judgment of the court below.